NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50105 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-01402-SJO-18 |
| v. | |
| PAUL IFEJEH, AKA Mr. P, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted March 5, 2020[**]
Pasadena, California

Before: NGUYEN, HURWITZ, and FRIEDLAND, Circuit Judges.

Paul Ifejeh appeals the sentence imposed after he pleaded guilty to conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 371, 1341, and 1343. Ifejeh was sentenced to three years in prison and three years of supervised release;

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

he was also ordered to pay $1,201,166.33 in restitution. We affirm in part, vacate in part, and remand.

1. The district court did not clearly err in ordering Ifejeh to pay $1,201,166.33 in restitution. *See United States v. Peterson*, 538 F.3d 1064, 1074 (9th Cir. 2008) (stating standard of review).[1] The court was required to award restitution to "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2). The district court reasonably found that Ifejeh was responsible for victim losses on or after August 3, 2005, and it adopted the presentence report's undisputed calculation of those losses. *See United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc) ("[T]he district court may rely on undisputed statements in the PSR at sentencing."). No further factfinding was required. *See Peterson*, 538 F.3d at 1077.

2. As the government concedes, the district court erred in imposing conditions of supervised release five, six, and fourteen. *See United States v. Evans*, 883 F.3d 1154, 1162–64 (9th Cir. 2018). We vacate those conditions and remand to allow the court to impose any alternative conditions it deems appropriate. *See United States v. Ped*, 943 F.3d 427, 434 (9th Cir. 2019).[2]

---

[1] We assume without deciding that Ifejeh preserved his challenge to the restitution order.

[2] The government's motion to strike portions of Ifejeh's opening brief and excerpts of record, **Dkt. 37,** is **granted**. Ifejeh's motion to supplement the record,

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

**Dkt. 43,** is **denied**. Ifejeh's unopposed motion for leave to file under seal, **Dkt. 46,** is **granted**.